09-3392-ag
Ou v. Holder

BIA
Abrams, IJ
A094 901 355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

PRESENT:

DENNIS JACOBS,
*Chief Judge,*
JON O. NEWMAN,
GERARD E. LYNCH,
*Circuit Judges.*

_____

JIA SHENG OU,
*Petitioner,*

v.                                                          09-3392-ag
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Jed S. Wasserman, Kuzmin & Associates, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Rachel Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jia Sheng Ou, a native and citizen of the People's Republic of China, seeks review of a July 16, 2009, order of the BIA, affirming the November 7, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Sheng Ou*, No. A094 901 355 (B.I.A. July 16, 2009), *aff'g* No. A094 901 355 (Immig. Ct. N.Y. City Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

The agency's finding that Ou did not demonstrate past persecution was supported by substantial evidence. *See Salimatou Bah*, 529 F.3d at 110. Even if Ou's testimony that a police officer attempted to take his camera while he was documenting the destruction of his family's property is construed as a claim of past persecution, the BIA reasonably found that this harassment did not constitute past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Moreover, although Ou now claims that the confiscation of his family's land itself was economic deprivation that rose to the level of persecution, because he failed to exhaust this issue before the agency, we decline to address it in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Because the agency did not err in finding that Ou did not establish a claim of past persecution, he was not entitled to a presumption of future persecution. *See* 8 C.F.R. §§ 208.13(b)(1); 1208.16(b)(1). The agency reasonably found that Ou did not meet his burden of showing a well-founded fear of persecution, because he did not provide sufficient evidence to show that the Chinese authorities sought his – as distinct from his father's – arrest. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Indeed, the only documentation Ou provided to show that he was sought by the Chinese authorities consisted of certifications

issued by his village committee.  The agency did not err in according little weight to this documentation, because it was not issued by the county – the municipal body responsible for the arrest of Ou's father – and the source of the village committee's information was unclear.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

The agency also reasonably noted that Ou was able to leave the country using his own passport, undermining his claim that he was sought by the Chinese authorities.  Although Ou suggests that the smuggling network was able to circumvent the Chinese government's passport control mechanisms, his argument would not necessarily compel a reasonable fact-finder to find that Ou was being sought.

Lastly, the agency relied in part on an inconsistency between Ou's testimony and his credible fear interview.  Ou argues that he was not asked to explain this discrepancy at the merits hearing, and that his credible fear interview should be given limited probative value pursuant to *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004). However, even if this portion of the agency's reasoning was gratuitous or in error, remand is not required because the rest of the agency's non-erroneous findings adequately support its denial.  *See Xiao Ji Chen*, 471 F.3d at 339; *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 224 (2d Cir. 2009).

Because Ou's CAT claim is based on the same set of facts as his asylum and withholding claims, the agency's finding that he had not met his burden of proof was a sufficient basis to deny his claim for asylum, withholding, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk